UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

Jennifer Mitchell

Plaintiff

v.

CA 06 255.

C.A. NO. ____________

South County Healthcare Systems,

Defendant

**COMPLAINT**

INTRODUCTORY STATEMENT/NATURE OF THE ACTION

This action is commenced by Jennifer Mitchell (hereinafter "Plaintiff" or "Mitchell") against South County Healthcare Systems, (hereinafter "Defendant" or "Employer") in order to remedy and seek relief for sexual harassment and discrimination based on gender in regard to terms, conditions, and privileges of employment, in violation of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. 2000e et seq.; the Rhode Island Fair Employment Practices Act, R.I. Gen. Laws 28-5-1 et seq. ("RIFEPA"), and the Rhode Island Civil Rights Act of 1990, R.I. Gen. Laws 42-112-1 et seq. ("RICRA"), including certain common law claims.

JURISDICTION AND VENUE

1. Jurisdiction of this Court is invoked pursuant to 28 U.S.C. § 1331, 2201, and 2202; 42 U.S.C.S. §§2000e-1 et seq.; R.I.G.L. 42-112-2; R.I.G.L. 28-5-24.1.

2. Considerations of judicial economy, convenience, and fairness to the litigants warrant exercise of this court's supplemental jurisdiction with respect to Plaintiff's federal law claims. Plaintiff's state claims are so related to Plaintiff's federal claims that they form part of the same case or controversy. This court has supplemental jurisdiction over Plaintiff's state law claims pursuant to 28 U.S.C. 1367(a).

3. Pursuant to 28 U.S.C. 1391(b) and (c) and 42 U.S.C. 2000e-5(f)(3), venue is proper in this district because:

a. The alleged unlawful practices occurred and/or are continuing to occur within the State of Rhode Island, and in this judicial district;

b. all records relevant to the alleged unlawful practices are maintained and administered in the Defendant's place of business: South County Hospital; located at 100 Kenyon Ave; Wakefield, RI 02879.

c. the Plaintiff would currently be enjoying all rights, benefits, and privileges of her employment, as a full-time employee of Defendant, at their Wakefield, Rhode Island facility, but for the Defendant's unlawful practices.

4. On or about December 7, 2005, Mitchell filed a formal Charge of Discrimination with the Rhode Island Commission for Human Rights ("RICHR") and the U.S. Equal Employment Commission ("EEOC"), alleging that she had been subjected to acts of sexual harassment and retaliation, and had been discriminated against on the basis of her gender.

5. The RIHRC and the EEOC subsequently issued Notices of Right To Sue. (Attachment A.)

6. Plaintiff has filed this action within ninety (90) days of her receipt of federal and state Right To Sue notifications, and has fulfilled all conditions precedent to the institution of this action under federal and/or state law.

THE PARTIES

7. The Plaintiff, Jennifer Mitchell ("Mitchell" or "Plaintiff"), an individual, is a resident of the town of Wakefield, Rhode Island.

8. Plaintiff Mitchell is a "person" within the meaning of R.I.G.L. §§28-5-6 (1) and R.I.G.L. 42-112-1, et seq.; is an employee within the meaning of 42 U.S.C.S. 2000e(f) and R.I.G.L. 28-5-6 (C); and is an "individual" within the meaning of 42 U.S.C. 2000e-2(a).

9. On information and belief, the Defendant, South County Hospital Healthcare Systems ("Defendant" or "Employer"), is a domestic corporation with a principal place of business in Wakefield, Rhode Island.

10. Defendant owns, operates, and maintains a facility and principal place of business, South County Hospital, located at 100 Kenyon Ave., Wakefield, Rhode Island .

11. At all times material to the allegations of this Complaint, the Defendant has continuously, and does now, employ at least 50 or more employees in the State of Rhode Island.

12. At all times material to the allegations of this Complaint, the Defendant has continuously been engaged in an industry affecting commerce within the meaning of pertinent federal statutes.

13. At all times material to the allegations of this Complaint, Defendant was and is an "Employer" within the meaning of that term as applicable in pertinent federal and state statutes, and as that term is applicable to pertinent provisions of Title VII.

14. Mitchell is an "individual" within the meaning of pertinent provisions defining that term under pertinent federal and state statutes and as that term in applicable to pertinent provisions of Title VII.

15. At all times material to this action, the Defendant is and was an employer covered under the provisions of R.I.G.L. § 42-112-1 et seq. (The Rhode Island Civil Rights Act of 1990) and R.I.G.L. § 28-5-1- et seq. (The Rhode Island Fair Employment Practices Act). At all times material to this action, Plaintiff was protected under the terms of R.I.G.L. § 42-112-1 et seq. and R.I.G.L. § 28-5-1 et seq.

FACTS APPLICABLE TO EACH COUNT

16. Mitchell is a female.

17. Mitchell has held the position of Certified Nursing Assistant with the Defendant for approximately 3 years.

18. Throughout her tenure of employment, Mitchell has maintained an satisfactory performance record, meeting or exceeding the employers' legitimate expectations.

19. On or about September 25, 2005, Plaintiff went on a medical leave due to the fact that she was compelled to work in a hostile environment, characterized by conduct of an egregious, pervasive, frequent, sexually-oriented nature, perpetrated by one of her team leaders.

20. Such conduct has included grossly inappropriate actions perpetrated by one the Plaintiff's team leaders, on a repeated and consistent basis, unreasonably interfering with the Plaintiff's ability to perform the duties of her position.

21. Such misconduct included but was not limited to this individual:

a. continually propositioning the Plaintiff for a romantic relationship through telephone calls and cards;

b. arriving at Plaintiff's home uninvited and unannounced in order to deliver flowers and make efforts to engage Plaintiff in a romantic relationship;

c. calling Plaintiff from unidentified phone numbers, so that Plaintiff is disadvantaged in refusing to answer his calls;

d. following the Plaintiff into the Employer's parking lot after her shift in an effort to harass her;

e. calling Plaintiff into his office to discuss non work-related issues, including questioning Plaintiff about her boyfriend and personal life;

f. attempting to follow Plaintiff into the Women's Locker Room at the Hospital during her work shift; and

g. attempting to enter a restroom area, within the Women's Locker Room, while Plaintiff was occupying it.

22. Plaintiff was also subject to an incident where the alleged perpetrator sent her a card, with a romantic message and reference to a medical condition, for which she sought treatment at the Hospital.

23. This medical information could only have been obtained through confidential Hospital records, access to which should not have been available to Plaintiff's team leader, and this team leader would have had no knowledge of Plaintiff's condition unless he looked at Plaintiff's medical records while on hospital grounds, in violation of HIPPA law and hospital rules and regulations.

24. Plaintiff consistently objected to such misconduct and made it clear that she did not welcome or condone such behavior and that she found such conduct offensive and intrusive to her work.

25. Plaintiff did not participate in the conduct referenced in paragraph 21, above, did not invite it, and was deeply offended by it.

26. Plaintiff communicated her concerns and objections regarding this misconduct directly to the alleged perpetrator, the Department of Human Resources, and the Vice President of the Hospital, but was not provided an adequate remedy.

27. Work shifts with the alleged perpetrator became so intolerable that Plaintiff was precluded by the Hospital from picking up extra shifts if the perpetrator was also working. .

28. Plaintiff was told by Human Resources that if she was scheduled to work with the alleged perpetrator, or encountered him at work, that she should just go home "sick," and should not inform her supervisor of the true reason for her departure.

29. Due to the profound negative impact the above-referenced misconduct has had on the terms and conditions of Plaintiff's employment, Plaintiff has been unable to return to work and has since filed a claim for Workers' Compensation benefits.

30. To date, Plaintiff believes that no effective remedial action has been taken by the employer to remedy the work environment she complained of, and that no corrective action has been instituted against the alleged perpetrator.

31. The Defendants have intentionally and willfully engaged in a series of unlawful acts, practices, policies, and procedures in violation of state and federal law intended to prevent employment discrimination based on gender. And have retaliated against the Plaintiff.

32. The Defendant's conduct reflects, in both purpose and effect, a blatant, willful, and/or malicious pattern of discrimination and unlawful treatment against the Plaintiff. Such conduct has involved an intentional, reckless, and/or callous indifference

to the statutorily protected rights of the Plaintiff. The Defendants knowingly and purposefully subjected the Plaintiff to humiliating discriminatory and unlawful treatment, and tolerated or condoned same, as a result of her gender.

33. The wrongful actions by Defendants that Mitchell complained of herein were taken without justification, excuse, or defense, but rather were taken in a purposefully discriminatory and unlawful manner, and have caused the Plaintiff lost employment, lost wages, lost benefits, humiliation, embarrassment, emotional and physical harm, and other damages.

## COUNT I
## DISCRIMINATORY TERMS AND CONDITIONS OF EMPLOYMENT
## HOSTILE ENVIRONMENT
## AND RETALIATION BASED ON GENDER
## RHODE ISLAND CIVIL RIGHTS ACT OF 1990
## R.I.G.L. 42-112-1 ET SEQ.

44. Paragraphs 1-33, above, are herein incorporated by reference in their entirety.

45. By its conduct, Defendants have discriminated against Plaintiff on the basis of her sex, in the terms and conditions of her employment, in violation of the Rhode Island Civil Rights Act of 1990, R.I.G.L. 42-112-1 et seq., by:

a. interfering with her right to avail herself of the full and equal benefit and protection of state and federal laws intended to prevent discrimination in the workplace based on gender;

b. depriving her of the status, benefits, privileges, and other terms and conditions accruing to the employment relationship to which she was entitled;

c. treating her in a hostile manner, and forcing her to work in a hostile, demeaning, and sexually-threatening environment based on her sex ; and

d. causing her lost income and benefits, humiliation, physical and emotional injury, as well as irreparable harm to her reputation and professional mobility.

46. As the direct, foreseeable, and intended result of Defendants' unlawful discrimination, Mitchell has suffered lost wages, benefits, irreparable harm to her good and valuable personal and professional reputation, as well as other damages, now and in the future, including severe and extreme emotional distress, with resulting physical and emotional manifestations.

47. The unlawful practices engaged in by the Defendants were motivated by impermissible and unlawful considerations concerning Mitchell's gender and ethnic background. Such practices include, but are not limited to, Defendants':

a.) subjecting Mitchell to discriminatory terms and conditions of employment because of her gender;

b.) condoning and tolerating a hostile work environment.

48. But for the Defendants' intent to discriminate against Plaintiff because of her gender, Defendants would not have subjected her to discriminatory terms and conditions of employment; or created, condoned, perpetuated and/or tolerated a hostile work environment.

49. The Defendants purposefully, maliciously, and without justification or excuse, took discriminatory action with respect to Plaintiff's employment because of Plaintiff's gender. The Defendants' conduct has unlawfully denied Plaintiff of income, benefits, privileges, promotions, and other terms and conditions accruing to the employment relationship to which she was entitled; has caused harm to her reputation; and has caused her humiliation, as well as physical and/or emotional injury.

WHEREFORE, Plaintiff prays that judgment be entered herein against Defendants and in favor of Plaintiff for all damages and equitable relief available, as hereinafter requested.

COUNT II
DISCRIMINATORY TERMS AND CONDITIONS OF EMPLOYMENT
HOSTILE ENVIRONMENT
BASED ON GENDER

RHODE ISLAND FAIR EMPLOYMENT PRACTICES ACT
R.I.G.L. § 28-5-1 et seq.

50. Paragraphs 1-33 above are herein incorporated by reference in their entirety.

51. Defendants willfully engaged in a policy or practice of discriminating against Plaintiff in violation of the RIFEPA.

52. The Defendants' discriminatory conduct, policies, and practices are violative of the provisions of the RIFEPA by:

a.) interfering with Plaintiff's right to avail herself of the full and equal benefit and protection of state and federal laws intended to prevent discrimination in the workplace based on gender;

b.) depriving her of the status, benefits, privileges, and other terms and conditions accruing to the employment relationship to which she was entitled;

c.) treating her in a hostile, demeaning, and otherwise unlawful manner based on her gender;

d.) causing her lost income and benefits, humiliation, physical and emotional injury, as well as irreparable harm to her person and professional reputation.

53. The unlawful practices engaged in by the Defendants were motivated by impermissible and unlawful considerations concerning Mitchell's gender. Such practices include, but are not limited to, Defendants':

a.) subject Plaintiff to discriminatory terms and conditions of employment;

b.) creating, condoning, perpetuating and/or tolerating a work environment hostile towards Plaintiff on the basis of her gender;

c.) retaliating against Plaintiff for asserting her rights to be free from discriminatory workplace conditions.

54. But for the Defendants' intent to discriminate against Plaintiff because of her gender, Defendants would not have subjected her to discriminatory terms and conditions of employment, forced her to work in a sexually hostile environment, or retaliated against her for attempting to assert her right to be free from workplace conduct made unlawful by the RIFEPA.

55. The Defendants' conduct has unlawfully deprived Plaintiff of income, benefits, privileges, promotions, and other terms and conditions accruing to the employment relationship to which she was entitled; has caused irreparable harm to her reputation and professional mobility; and has cause her extreme humiliation, as well as physical and emotional injury.

WHEREFORE, Plaintiff prays that judgment be entered herein against Defendants and in favor of Plaintiff for all damages and equitable relief available, as hereinafter requested.

## COUNT III
## DISCRIMINATORY TERMS AND CONDITIONS OF EMPLOYMENT
## HOSTILE ENVIRONMENT
## BASED ON GENDER

## TITLE VII OF THE CIVIL RIGHTS ACT OF 1964
## 42 U.S.C. §2000, ET SEQ.

56. Paragraphs 1-33 above are herein incorporated by reference in their entirety.

57. Defendants willfully engaged in a policy or practice of discriminating against Plaintiff in violation of Title VII.

58. The Defendants' discriminatory conduct, policies, and practices are violative of the provisions of Title VII, by:

a.) interfering with Plaintiff's right to avail herself of the full and equal benefit and protection of state and federal laws intended to prevent discrimination in the workplace based on gender;

b.) depriving her of the status, benefits, privileges, and other terms and conditions accruing to the employment relationship to which she was entitled;

c.) treating her in a hostile, demeaning, and otherwise unlawful manner based on her gender;

d.) causing her lost income and benefits, humiliation, physical and emotional injury, as well as irreparable harm to her person and professional reputation.

59. The unlawful practices engaged in by the Defendants were motivated by impermissible and unlawful considerations concerning Mitchell's gender. Such practices include, but are not limited to, Defendants':

a.) subject Plaintiff to discriminatory terms and conditions of employment;

b.) creating, perpetuating, condoning, and/or tolerating a work environment hostile towards Plaintiff on the basis of her gender;

c.) retaliating against Plaintiff for asserting her rights to be free from discrimination based on gender;

60. But for the Defendants' intent to discriminate against Plaintiff because of her gender, Defendants would not have subjected her to discriminatory terms and conditions of employment, forced her to work in a sexually hostile environment, or retaliated against her for attempting to assert her right to be free from workplace conduct made unlawful by Title VII.

61. The Defendants' conduct has unlawfully deprived Plaintiff of income, benefits, privileges, promotions, and other terms and conditions accruing to the employment relationship to which she was entitled; has caused irreparable harm to her reputation and professional mobility; and has cause her extreme humiliation, as well as physical and emotional injury.

WHEREFORE, Plaintiff prays that judgment be entered herein against Defendants and in favor of Plaintiff for all damages and equitable relief available, as hereinafter requested.

COUNT IV

**CONFIDENTIALITY OF MEDICAL RECORDS**

62. Paragraphs 1-33 are incorporated herein, in their entirety, as if fully set forth herein.

63. Plaintiff at no time authorized or consented to the release of information pertinent to her treatment as a patient of the Defendant.

64. Plaintiff's Team Leader obtained such information which, on information and belief, was provided by the Defendant, intentionally or because it failed to take proper steps to ensure the confidentiality of same, without Plaintiff's consent.

65. Defendant's conduct described above is violative of the Rhode Island Healthcare Communications and Information Act, RIGL 5-37.3-4 *et seq*.

WHEREFORE, Plaintiff prays that judgment be entered for Plaintiff and against Defendant and that she be awarded all damages and equitable relief requested, as hereinafter set forth.

PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays that judgment be entered herein against Defendants and in favor of Plaintiff for all damages and equitable relief available, including, but not limited to:

a.) an order that the Defendants institute and carry out practices, policies and programs which provide equal employment opportunities to qualified individuals, regardless of gender;

b.) an order that the Defendants make whole the Plaintiff with appropriate promotional opportunities, lost earnings, back-pay, front-pay, the value of lost benefits, and interest, in amounts to be proved at trial, and other affirmative relief necessary to eradicate the effects of its unlawful employment practices;

c.) an order that the Defendants make whole the Plaintiff by providing for any additional pecuniary losses and compensation for the damage done to her valuable reputation, in amounts to be determined at trial;

d.) an order that the Defendants make whole the Plaintiff by providing compensation for non-pecuniary losses, including but not limited to emotional pain, suffering, humiliation, and mental anguish in amounts to be proven at trial, including an appropriate award of compensatory damages pursuant to R.I.G.L. § 28-50-4, 42-112-2, and 28-5-24;

e.) any remedy available to her pursuant to state law regarding the confidentiality of medical information;

f.) grant attorney's fees and the costs of this action;

g.) grant punitive or exemplary damages, as appropriate to punish the Defendants for its malicious conduct and/or for its reckless and/or callous indifference to the statutorily protected rights of the Plaintiff, including an appropriate award pursuant to R.I.G.L. § 28-50-4, 42-112-2, and 28-5-1;

h.) grant an appropriate award of prejudgment interest, including an award of interest for all damages awarded to the Plaintiff from the date this cause of action accrued, pursuant to R.I.G.L.§ 9-21-10;

i.) grant such further relief as this court deems necessary and proper.

DEMAND FOR TRIAL BY JURY

Plaintiff hereby demands trial by jury of all issues pertinent to the causes in this Complaint triable as of right by jury.

Respectfully Submitted,
Jennifer Mitchell
By Her Attorney,

Stephen T. Fanning #3900
305 South Main Street
Providence, RI 02903
401-272-8250
401-272-4520 (FAX)

EEOC Form 161-B (3/98)

U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION

# NOTICE OF RIGHT TO SUE *(ISSUED ON REQUEST)*

To: **Jennifer Mitchell**
**47 Erin Drive**
**Wakefield, RI 02879**

From: **Boston Area Office - 523**
**John F. Kennedy Fed Bldg**
**Government Ctr, Room 475**
**Boston, MA 02203**

☐ *On behalf of person(s) aggrieved whose identity is CONFIDENTIAL (29 CFR §1601.7(a))*

| EEOC Charge No. | EEOC Representative | Telephone No. |
|---|---|---|
| **16J-2006-00069** | **Anne R. Giantonio, Intake Supervisor** | **(617) 565-3189** |

*(See also the additional information enclosed with this form.)*

**NOTICE TO THE PERSON AGGRIEVED:**

**Title VII of the Civil Rights Act of 1964 and/or the Americans with Disabilities Act (ADA):** This is your Notice of Right to Sue, issued under Title VII and/or the ADA based on the above-numbered charge. It has been issued at your request. Your lawsuit under Title VII or the ADA **must be filed in a federal or state court WITHIN 90 DAYS of your receipt of this notice**; or your right to sue based on this charge will be lost. (The time limit for filing suit based on a state claim may be different.)

☐ More than 180 days have passed since the filing of this charge.

☒ Less than 180 days have passed since the filing of this charge, but I have determined that it is unlikely that the EEOC will be able to complete its administrative processing within 180 days from the filing of this charge.

☒ The EEOC is terminating its processing of this charge.

☐ The EEOC will continue to process this charge.

**Age Discrimination in Employment Act (ADEA):** You may sue under the ADEA at any time from 60 days after the charge was filed until 90 days after you receive notice that we have completed action on the charge. In this regard, **the paragraph marked below applies to your case:**

☐ The EEOC is closing your case. Therefore, your lawsuit under the ADEA **must be filed in federal or state court WITHIN 90 DAYS of your receipt of this Notice.** Otherwise, your right to sue based on the above-numbered charge will be lost.

☐ The EEOC is continuing its handling of your ADEA case. However, if 60 days have passed since the filing of the charge, you may file suit in federal or state court under the ADEA at this time.

**Equal Pay Act (EPA):** You already have the right to sue under the EPA (filing an EEOC charge is not required.) EPA suits must be brought in federal or state court within 2 years (3 years for willful violations) of the alleged EPA underpayment. This means that **backpay due for any violations that occurred more than 2 years (3 years) before you file suit may not be collectible.**

If you file suit, based on this charge, please send a copy of your court complaint to this office.

On behalf of the Commission

FEB 28 2006

(Date Mailed)

Enclosures(s)

**Robert L. Sanders,**
**Area Office Director**

cc:

**Louis R. Giancola**
**SOUTH COUNTY HOSPITAL HEA**
**100 Kenyon Avenue**
**Wakefield, RI 02879**

Stephen T. Fanning
The Law Office of Stephen Thomas Fanning
305 South Main Street
Providence, Rhode Island 02903

**U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION**
**Boston Area Office**

John F. Kennedy Federal Building
Government Center
Room 475
Boston, MA 02203-0506
(617) 565-3200
TTY (617) 565-3204
FAX (617) 565-3196

Charge Number: 16J-2006-00069C

## CERTIFICATE

Pursuant to 1601.28 (a) (2) of the Equal Employment Opportunity Commission's Regulations, this is to certify that it is probable that the Commission will be unable to complete its administrative processing of the above referenced charge, due to pending workload within 180 days from the filing of the charge.

FEB 2 6 2006

Date

Robert L. Sanders
Director

NOTICE OF RIGHT TO SUE
PAGE TWO

Section 28-5-24.1 of the General Laws of Rhode Island

(a) A complainant may ask for a right to sue in state court if not less than one hundred and twenty (120) days and not more than two (2) years have elapsed from the date of filing of a charge, if the Commission has been unable to secure a settlement agreement or conciliation agreement and if the Commission has not commenced hearing on a complaint. The Commission shall grant the right to sue within thirty (30) days after receipt of such request. This shall terminate all proceedings by the Commission and shall give to the complainant the right to commence suit in the superior court within any county as provided in Section 28-5-24 within ninety (90) days after the granting of such request. Any party may claim a trial by jury.

CC: Stephen Fanning, Esq
Stacie Boeniger Collier, Esq
Andrew Prescott, Esq
Louis Giancola

A-72