UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

| | | |
|---|---|---|
| JENNIFER MITCHELL, | : | |
| Plaintiff, | : | |
| v. | : | C.A. No. 06-255 |
| | : | |
| SOUTH COUNTY HEALTHCARE | : | |
| SYSTEMS, Defendant. | : | |

**ANSWER**

Defendant South County Healthcare Systems ("Defendant") hereby answers the Complaint of Jennifer Mitchell ("Plaintiff") as follows:

INTRODUCTORY STATEMENT/NATURE OF THE ACTION

The introductory statement in Plaintiff's Complaint requires no responsive pleading because it merely describes the nature of Plaintiff's lawsuit. As set forth in Defendant's Answer, Defendant denies that it violated the law in any respect.

**FIRST DEFENSE**

JURISDICTION & VENUE

1. The allegations in paragraph 1 of Plaintiff's Complaint require no responsive pleading. To the extent that the Court deems a responsive pleading necessary, Defendant admits that this Court has jurisdiction.

2. The allegations in paragraph 2 of Plaintiff's Complaint require no responsive pleading. To the extent that the Court deems a responsive pleading necessary,

Defendant admits that this Court may exercise supplemental jurisdiction over Plaintiff's state law claims.

3. The allegations in paragraph 3 of Plaintiff's Complaint require no responsive pleading. To the extent that the Court deems a responsive pleading necessary, Defendant admits that venue is proper and answers further as follows:

a.-c. Defendant denies that any unlawful practices occurred.

4. Defendant admits that Plaintiff filed a charge of discrimination. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations that the charge was filed on or about December 7, 2005.

5. Defendant admits that the RICHR and the EEOC issued notices of right to sue.

6. Defendant admits the allegations in paragraph 6 of the Complaint.

PARTIES

7. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 7.

8. Defendant believes that Plaintiff has cited some of the wrong subsections, but Defendant admits the Plaintiff is an "individual" and employee as defined by the statutes cited by Plaintiff.

9. Defendant admits the allegations in paragraph 9 of the Complaint.

10. Defendant admits the allegations in paragraph 10 of the Complaint.

11. Defendant admits that during Plaintiff's tenure and at present, it has employed 50 or more employees.

12. Defendant can neither admit nor deny the allegations in paragraph 12 of the Complaint because Plaintiff has failed to identify adequately the statutes to which she refers.

13. Defendant admits that it is an employer under Title VII. Defendant can neither admit nor deny the remaining allegations of paragraph 13 of the Complaint because Plaintiff has failed to identify adequately the other statutes to which she refers.

14. Defendant admits that Plaintiff is an individual under Title VII. Defendant can neither admit nor deny the remaining allegations in paragraph 14 because Plaintiff has failed to identify adequately the other statutes to which she refers.

15. Defendant admits that it was during Plaintiff's employment by Defendant and is currently an employer under the cited statutes.

FACTS

16. Defendant admits the allegations in paragraph 16 of the Complaint.

17. Defendant admits the allegations in paragraph 17 of the Complaint.

18. Defendant admits that Plaintiff maintained a satisfactory employment record and was a competent and qualified CNA.

19. Defendant admits that Plainitiff went on a medical leave but otherwise denies the allegations in paragraphs 19 through 21 of the Complaint.

22. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 22 of the Complaint.

23. Defendant denies the allegations in paragraph 23 of the Complaint.

24. Defendant denies the allegations in paragraph 24 of the Complaint.

25. Defendant denies the allegations in paragraph 25 of the Complaint.

26. Defendant admits that Plaintiff complained in August 2005 about Mr. Cahoon's behavior. Defendant denies the remaining allegations in paragraph 26 of the Complaint.

27. Defendant denies the allegations in paragraph 27 of the Complaint.

28. Defendant denies the allegations in paragraph 27 of the Complaint.

29. Defendant admits that Plaintiff filed a workers compensation claim. Defendant denies the remaining allegations in paragraph 29 of the Complaint.

30-33. Defendant denies the allegations in paragraph 30 through 33 of the Complaint.

## COUNT I

Discriminatory Terms and Conditions of Employment
Hostile Environment and Retaliation Based on Gender
Rhode Island Civil Rights Act of 1990
R.I.G.L. § 42-112-1, et seq.

44. Defendant repeats and incorporates by reference its answers to the allegations in Paragraphs 1 through 33 of the Complaint. [1]

45-49. Defendant denies the allegations in paragraphs 45 through 49 of the Complaint.

[1] The Complaint has no paragraphs 34 through 43. Defendant has numbered its answers accordingly (i.e., to correspond with the Complaint).

COUNT II

Discriminatory Terms and Conditions of Employment
Hostile Environment Based on Gender
Rhode Island Fair Employment Practices Act
R.I.G.L. § 28-5-1, et seq.

50. Defendant repeats and incorporates by reference its answers to the allegations in paragraphs 1 through 33 of the Complaint.

51-55. Defendant denies the allegations in paragraphs 51 through 55 of the Complaint.

COUNT III

Discriminatory Terms and Conditions of Employment
Hostile Environment Based on Gender
Title VII of the Civil Rights Act of 1964
42 U.S.C. § 2000, et seq.

56. Defendant repeats and incorporates by reference its answers to the allegations in paragraph 1 through 33 of the Complaint.

57-61. Defendant denies the allegations in paragraphs 57 through 61 of the Complaint.

COUNT IV

Confidentiality of Medical Records

62. Defendant repeats and incorporates by reference its answers to the allegations in paragraph 1 through 33 of the Complaint.

63. Defendant lacks knowledge or information sufficient to form belief as to the truth or the allegations in paragraph 63.

64. Defendant denies the allegations in paragraphs 64 and 65 of the Complaint.

## SECOND DEFENSE

Defendant promulgated a written policy against workplace harassment which included the procedure by which she could complain to Defendant about sexual harassment. Plaintiff unreasonably delayed in availing herself of that process or otherwise prevent the harm and therefore Defendant cannot be held liable for the alleged harassment.

## THIRD DEFENSE

Defendant welcomed some of the conduct about which she complains.

## FOURTH DEFENSE

Any conduct that actually occurred did not create a hostile work environment.

## FIFTH DEFENSE

Defendant took prompt and effective remedial action in response to Plaintiff's complaint which included suspending Mr. Cahoon for three days (unpaid), giving him a final warning, and demoting him (with a reduction in pay) from his team leader position.

**SIXTH DEFENSE**

Plaintiff unreasonably failed to return to work and therefore cannot recover back or front pay.

**SEVENTH DEFENSE**

Defendant took no adverse employment action against Plaintiff.

**EIGHTH DEFENSE**

Mr. Cahoon was not Plaintiff's supervisor. Defendant is not liable for his conduct toward Plaintiff.

**NINTH DEFENSE**

In paragraph 47 of the Complaint, Plaintiff alleges ethnic origin discrimination. Plaintiff's administrative charges did not allege ethnic origin discrimination. Plaintiff has failed to exhaust her administrative remedies regarding such a claim and is barred from bringing it now.

(Remainder of page left intentionally blank)

WHEREFORE, Defendant, South County Healthcare Systems, respectfully requests that this Court dismiss Plaintiff's Complaint and award Defendant its costs.

SOUTH COUNTY HEALTHCARE SYSTEMS
By its attorneys,

______/s/ Andrew B. Prescott_____

Andrew B. Prescott RI Bar #3758
Stacie Boeniger Collier RI Bar #6059
NIXON PEABODY LLP
One Citizens Plaza, Suite 500
Providence, RI 02903
(401) 454-1000
(401) 454-1030 (facsimile)
aprescott@nixonpeabody.com
sbcollier@nixonpeabody.com

Dated: August 7, 2006

**CERTIFICATE OF SERVICE**

I hereby certify that I mailed a true and accurate copy of the within Answer to Stephen T. Fanning, Esq., 305 South Main Street, Providence, RI 02903 by regular mail, postage prepaid, this 7th day of August, 2006.

______/s/ Andrew B. Prescott___________